UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KAMAL CHEIKHAOUI,

                             Plaintiff,

      - against -

THE CITY OF NEW YORK, APPLE, INC.,
OMNISCIENT INVESTIGATIONS CORP. d/b/a OIC
SECURITY, LIEUTENANT NAKWAN BRATHWAITE
(Tax No. 948692), POLICE OFFICER RUSSELL BAST
(Shield No. 19049), POLICE OFFICER YELENA AST
(Shield No. 19612), POLICE OFFICER BRANDON
LAU (Shield No. 5887), POLICE OFFICER RAWDI
ALI (Shield NO. 15811), POLICE OFFICER "JOHN
DOE," and BRIAN PLUNKETT,

                            Defendants.
----------------------------------------------------------------------X

22 Civ. 08855 (CM)

**AMENDED
COMPLAINT**

*Jury Trial Demanded*

Plaintiff, Kamal Cheikhaoui, by his attorneys, HELD & HINES, LLP, complaining of the

defendants, states and alleges as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.     On October 19, 2021, Plaintiff, who is of Moroccan descent and speaks English

with a noticeable foreign accent, was shopping at the Apple Store located at 1981 Broadway, New

York, New York, when defendant Brian Plunkett, a security guard employed thereat, grabbed

Plaintiff's person, removed his bag from him and threw it to the ground, and then ripped Plaintiff's

jacket off his body. Employees and/or contractors of Defendant(s) Apple, Inc. and/or Omniscient

Investigations Corp. d/b/a OIC Security then called the police, falsely reporting that Plaintiff was

being verbally abusive to staff and refusing to leave the store.

2.     Plaintiff had had a previous encounter with Plunkett in or about May 2021. At that

time, Plaintiff told Plunkett that he was acting in a rude and menacing way towards a woman

standing in line with him and calmly asked him to stop. Plunkett began to address Plaintiff in an aggressive manner, whereupon the manager and assistant manager of the Apple store intervened and asked Plaintiff to return at a later time.

3.     Defendants Lieutenant Nakwan Brathwaite, Police Officer Russell Bast, Police Officer Yelena Ast, Police Officer Brandon Lau, Police Officer Rawdi Ali, and Police Officer "John Doe" (collectively, the "defendant officers") arrived at the scene began to engage Plaintiff in a hostile and antagonizing manner. Plaintiff calmly informed these officers that he was harassed, assaulted, and battered by Defendant Plunkett and wished to file a police report against him. The defendant officers refused to take a report from Plaintiff and told Plaintiff that he should just leave the store. Plaintiff responded that he would be filing a complaint against the defendant officers for refusing to take the report of him being assaulted and battered by Defendant Plunkett and then picked up his belongings and began to leave the store.

4.     In retaliation for said comment, and as Plaintiff was walking out of the Apple Store with the defendant officers, he was punched in the back of the head by one of the defendant officers. As a result of this punch, Plaintiff fell to the floor. Then one of the defendant officers, believed to be Defendant Bast, pepper sprayed Plaintiff in his face. Defendant Ast and other defendant officers then jumped on top of Plaintiff and handcuffed him. Plaintiff was then escorted out of the Apple Store and taken to a police vehicle, at which time one of the defendant officers used further, unnecessary and excessive force on him by grabbing him forcefully in the back of his head. The defendant officers did not promptly decontaminate Plaintiff from the pepper spray.

5.     The defendant officers falsely detained, arrested, imprisoned, and maliciously prosecuted Plaintiff on contrived and fabricated charges of resisting arrest (a Class A misdemeanor) and trespass (a violation). Defendant Plunkett and/or other employees and/or

contractors of Defendant(s) Apple, Inc. and/or Omniscient Investigations Corp. knowingly submitted false and/or misleading official and/or sworn statements in order to effectuate the arrest and prosecution of Plaintiff. The false charges of resisting arrest and trespass were dismissed on or about November 29, 2021.

6.      Plaintiff now commences this action pursuant to 42 U.S.C. §1983 *et seq.*, seeking compensatory and punitive damages against the defendant officers for their unlawful policing, harassment, stopping, searching, detaining, arresting, imprisoning, maliciously prosecuting, and using excessive force on Plaintiff, commencing on October 19, 2021 and continuing through the dismissal of all charges on or about November 29, 2021, all of which resulted in violations of the plaintiff's constitutional rights.

7.      Plaintiff also asserts supplemental state law claims of (a) harassment, assault, battery, false imprisonment, and malicious prosecution claims against defendants Apple, Inc., Omniscient Investigations Corp. d/b/a OIC Security, and Brian Plunkett; (b) negligent screening, hiring, training, supervision, and retention claims against defendants City of New York, Apple, Inc., and Omniscient Investigations Corp. d/b/a OIC Security; (c) negligence claims against all defendants; and (d) intentional and negligent infliction of emotional distress claims against all defendants.

## **JURISDICTION AND VENUE**

8.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America.

9.      This Court has jurisdiction over defendants City of New York, Lieutenant Nakwan Brathwaite, Police Officer Russell Bast, Police Officer Yelena Ast, Police Officer Brandon Lau,

Police Officer Rawdi Ali, and Police Officer "John Doe" pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforesaid statutory and constitutional provisions.

10.     This Court has jurisdiction over defendant Apple, Inc. pursuant to 28 U.S.C. §1332 as it is a corporate citizen of a different State.

11.     Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over claims which arise under the relevant provisions of New York state law.

12.     Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. §1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

13.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14.     Venue is appropriate in this Court, pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within New York County, New York, which is within this judicial district.

## **PARTIES**

15.     At all times alleged herein, Plaintiff was and remains a resident of the City and State of New York, County of New York.

16.     Defendant, City of New York (hereinafter referred to as the "City"), was and remains a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the City and State of New York.

17.     Defendant City maintains the New York City Police Department ("NYPD") pursuant to law.

18.     At all times alleged herein, defendants Lieutenant Nakwan Brathwaite, Police Officer Russell Bast, Police Officer Yelena Ast, Police Officer Brandon Lau, Police Officer Rawdi

Ali, and Police Officer "John Doe" (collectively, the "defendant officers") were members of service of the NYPD, endowed and bestowed with ranks and appointments upon them by the City and/or NYPD, and acting under color of law. Said defendants are sued individually and in their official capacities.

19.     At all times alleged herein, defendant City, its departments, agents, servants and employees, were charged with screening, hiring, training, retaining, directing, supervising, investigating, disciplining, overseeing, appointing and promoting its police officers, their supervisors and staff in their employ, including but not limited to the defendant officers.

20.     That upon information and belief, and at all times alleged herein, the defendant officers were acting under the direction, supervision, authority, and control of the City.

21.     At all times alleged herein, NYPD supervisory personnel had direct, first-line supervisory responsibilities over the defendant officers, including responsibility for taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in general and Plaintiff in particular. These responsibilities were required to be carried out in a manner consistent with the law, including mandates, directives and orders concerning reasonable suspicion, probable cause to arrest, use of force, filing official reports and statements, making timely medical treatment available to injured detainees/arrestees, and reporting and investigation of abuses of authority by staff and supervisors.

22.     As alleged herein, the defendant officers harassed and intimidated Plaintiff; falsely detained, arrested, and imprisoned Plaintiff; caused false criminal charges to be made against Plaintiff; maliciously prosecuted Plaintiff; maliciously abused process against Plaintiff; denied Plaintiff's right to a fair trial; knowingly drafted and/or filed false reports against Plaintiff; gave knowingly false statements or testimony in or for a criminal proceeding initiated against Plaintiff;

used excessive force on Plaintiff; and denied and/or delayed Plaintiff's access to timely and necessary medical care.

23.     Upon information and belief, and at all times alleged herein, defendant Apple, Inc. ("Apple") was and remains a foreign business corporation organized and existing by virtue of the laws of the State of California.

24.     Upon information and belief, and at all times alleged herein, defendant Apple transacted business in the State of New York.

25.     Upon information and belief, and at all times alleged herein, defendant Omniscient Investigations Corp. d/b/a OIC Security ("OIC Security") was and remains a domestic business corporation organized and existing by virtue of the laws of the State of New York.

26.     Upon information and belief, defendant Brian Plunkett ("Plunkett") is a resident of the State of New York.

27.     At all times alleged herein, defendant Plunkett was a retired NYPD police officer employed as a security guard at the Apple Store located at 1981 Broadway, New York, New York.

28.     Upon information and belief, and at all times alleged herein, defendant Plunkett was an employee of defendant Apple.

29.     Upon information and belief, and at all times alleged herein, defendant Plunkett was an employee of defendant OIC Security.

30.     Upon information and belief, and at all times alleged herein, defendant Plunkett was hired by defendant Apple as an independent contractor.

31.     Upon information and belief, and at all times alleged herein, defendant Plunkett was hired by defendant OIC Security as an independent contractor.

32.     Upon information and belief, and at all times alleged herein, defendant OIC was hired by defendant Apple as an independent contractor to provide security services at Apple's stores.

33.     Upon information and belief, and at all times alleged herein, defendant Plunkett was acting in his capacity as an agent of defendant Apple.

34.     Upon information and belief, and at all times alleged herein, defendant Plunkett was acting in his capacity as an agent of defendant OIC Security.

35.     At all times alleged herein, defendant Plunkett was working in the furtherance of the interests of defendant Apple.

36.     At all times alleged herein, defendant Plunkett was acting in the course of his employment with defendant(s) Apple and/or OIC Security.

37.     At all times alleged herein, defendant Plunkett was acting in furtherance of the interests of defendant(s) Apple and/or OIC Security.

38.     At all times alleged herein, defendant Apple operated, maintained, supervised, and controlled the Apple Store located at 1981 Broadway, New York, New York.

39.     At all times alleged herein, defendant OIC Security operated, maintained, supervised, and controlled the security of the Apple Store located at 1981 Broadway, New York, New York.

40.     At all times alleged herein, defendant OIC Security operated, maintained, supervised, and controlled the security personnel at the Apple Store located at 1981 Broadway, New York, New York.

41.     At all times alleged herein, defendant Apple retained defendant OIC Security to provide security services at the Apple Store located at 1981 Broadway, New York, New York.

**STATEMENT OF FACTS**

42.     On the evening of October 19, 2021, Plaintiff was a lawful invitee within the Apple

Store located at 1981 Broadway, New York, New York, when defendant Plunkett, a security guard

threat, grabbed Plaintiff's person, removed his bag from him and threw it to the ground, and then

ripped Plaintiff's jacket off his body. Defendant Plunkett's conduct was without cause and he did

not suspect Plaintiff of shoplifting.

43.     Plaintiff had had a previous encounter with defendant Plunkett in or about May

2021 at the same Apple store. On that date, Plaintiff told defendant Plunkett that he was acting in

a rude and menacing way towards a woman standing in line near him and asked him, calmly, to

stop. Plunkett began to address Plaintiff in an aggressive manner, whereupon the manager and

assistant manager of the Apple Store intervened and asked Plaintiff to return at a later time.

44.     Defendant Plunkett and/or presently unknown employee(s) of defendant(s) Apple

and/or OIC Security then called the police, falsely reporting that Plaintiff was being verbally

abusive to staff and refusing to leave the store.

45.     Upon the arrival of the responding police officers, defendant Plunkett and/or

presently unknown employee(s) of defendant(s) Apple and/or OIC Security falsely repeated that

Plaintiff was being verbally abusive to staff and refusing to leave the store.

46.     Defendants Police Officers Yelena Ast and Rawdi Ali arrived first at the scene and

immediately began to engage Plaintiff in a hostile and antagonizing manner, thereby escalating the

situation. Plaintiff calmly informed these officers that he was harassed, assaulted, and battered by

defendant Plunkett and wished to file a police report against him. Defendants Ast and Ali refused

to take a report from Plaintiff. Defendants Lieutenant Nakwan Brathwaite, Police Officer Russell

Bast, Police Officer Brandon Lau, and Police Officer "John Doe" then arrived at the scene. Plaintiff

then informed defendant Brathwaite that he was harassed, assaulted, and battered by defendant Plunkett and that he wished to file a police report against him. Defendant Brathwaite stated that no reports would be taken and that Plaintiff should just leave the store. Plaintiff responded that he would be filing a complaint with the Attorney General's Office against defendants Brathwaite, Ast, and Ali for refusing to take the report of him being assaulted and battered by defendant Plunkett and then picked up his belongings and began to leave the store.

47.     Upon information and belief, the defendant officers refused to take Plaintiff's report of being assaulted and battered by defendant Plunkett because Plunkett was known to them to be and/or identified himself as a retired NYPD police officer.

48.     As Plaintiff was walking out of the Apple Store with the defendant officers, he was punched in the back of the head by one of the defendant officers. There was no justifiable cause for this officer to use force on Plaintiff in the first place, let alone an unprovoked punch to the back of his head. As a result of this punch, Plaintiff fell to the floor. Then one of the defendant officers, believed to be defendant Bast, pepper sprayed Plaintiff in his face. Defendant Ast and other defendant officers then jumped on top of Plaintiff and handcuffed him. Plaintiff was then escorted out of the Apple Store and taken to a police vehicle, at which time one of the defendant officers used further, unnecessary and excessive force on him by grabbing him forcefully in the back of his head.

49.     At approximately 9:00 p.m., Plaintiff was arrested by the defendant officers and taken to the 20th Precinct for processing. The defendant officers did not promptly decontaminate Plaintiff from the pepper spray. At the precinct, Plaintiff was told to use the toilet to wash the pepper spray off of him. When that was unsuccessful, paramedics were later called to the precinct to decontaminate Plaintiff, but they were also unsuccessful.

50.     At approximately 11:00 p.m., two hours after he was pepper sprayed and arrested by the defendant officers, Plaintiff was finally provided medical attention, such that he was taken by to the emergency room at Mount Sinai West, located at 1000 10th Avenue, New York, New York, for decontamination. Plaintiff was also examined at that time for his other reported injuries (e.g., pain, weakness, numbness, and paraesthesias in extremities).

51.     The defendant officers falsely detained, arrested, imprisoned, and maliciously prosecuted Plaintiff on contrived and fabricated charges of resisting arrest (a Class A misdemeanor) and trespass (a violation).

52.     The defendant officers unlawfully denied and/or delayed Plaintiff's access to timely and appropriate medical care for two hours following the unlawful and excessive use of force on him, causing Plaintiff to needlessly and gratuitously suffer prolonged pain and anguish.

53.     On or about October 20, 2021, Plaintiff was arraigned on the defendant officers' false charges of resisting arrest and trespass.

54.     Plaintiff was unlawfully imprisoned through his arraignment.

55.     Plaintiff was released on his own recognizance following arraignment, but was required to appear in Court on November 29, 2021.

56.     The false charges of resisting arrest and trespass were maliciously prosecuted by Defendants through November 29, 2021.

57.     The defendant officer(s) knowingly submitted false and/or misleading official and/or sworn statements in order to effectuate the arrest of Plaintiff on false charges.

58.     The defendant officer(s) knowingly submitted false and/or misleading official and/or sworn statements in order to initiate and continue the prosecution of Plaintiff on false charges.

59. Defendant Plunkett and/or other employees, agents, and/or contractors of defendant(s) Apple and/or OIC Security knowingly submitted false and/or misleading official and/or sworn statements in order to effectuate the arrest of Plaintiff on false charges.

60. Defendant Plunkett and/or other employees, agents, and/or contractors of defendant(s) Apple and/or OIC Security knowingly submitted false and/or misleading official and/or sworn statements in order to initiate and continue the prosecution of Plaintiff on false charges.

61. Each of the defendants maliciously abused process against Plaintiff.

62. The false charges of resisting arrest and trespass were dismissed on or about November 29, 2021.

63. Plaintiff did not cause or contribute the happening of the aforesaid incidents.

64. The defendant officers' acts and omissions alleged herein violated Plaintiff's clearly established constitutional rights.

65. It was not objectively reasonable for the defendant officers to believe that their conduct did not violate Plaintiff's constitutional rights.

66. It was clearly established law on the date of Plaintiff's arrest that it was unlawful and a violation of an individual's constitutional rights for a government official to fabricate criminal charges against an individual, seize an individual absent legal justification, arrest and imprison an individual absent probable cause, and prosecute an individual in malice and/or without legal justification.

67. It was clearly established law on the date of the subject police encounter that it was unlawful and a violation of an individual's constitutional rights for a government official to use excessive physical force and to deny or delay medical treatment for an objectively serious medical

condition. The defendant officers' punching of Plaintiff in the back of the head, pepper spraying him, jumping on him when he fell to the ground, and grabbing him forcefully in the back of the head all constituted unreasonable and excessive uses of force that were violative of Plaintiff's clearly established constitutional rights.

68.     The defendant officers' denial of timely medical attention to Plaintiff for approximately two (2) hours following these uses of force was wanton, malicious, and intended to cause further pain and anguish to Plaintiff. On the date of the subject incident, said conduct was violative of Plaintiff's clearly established constitutional rights.

69.     It was clearly established law on the date of Plaintiff's arrest that it was unlawful and a violation of an individual's constitutional rights for a government official to initiate legal process and prosecute without probable cause.

70.     It was clearly established law on the date of Plaintiff's arrest that it was unlawful and a violation of an individual's constitutional rights for a government official to falsify evidence and fabricate charging instruments.

71.     The defendant officers' use of excessive force, denial of access to timely medical care, false arrest, false imprisonment, and malicious prosecution of Plaintiff were, in whole or in part, in retaliation for Plaintiff's statement that he would file a complaint with the Attorney General's Office against defendants Brathwaite, Ast, and Ali for refusing to take the report of him being assaulted and battered by defendant Plunkett.

72.     The defendant officers' use of excessive force, denial of access to timely medical care, false arrest, false imprisonment, and malicious prosecution of Plaintiff were, in whole or in part, in retaliation for Plaintiff's interaction with a retired NYPD police officer (i.e., defendant Plunkett).

73.     None of the defendant officers intervened to prevent the excessive uses of force prior to or while they were occurring.

74.     None of the defendant officers intervened to provide Plaintiff with timely access to appropriate medical care.

75.     As a result of the foregoing, Plaintiff was caused to sustain physical, psychological and emotional injuries, pain and suffering, loss of liberty, pecuniary loss, deprivation and violation of his due process and civil rights, embarrassment and humiliation, and was otherwise damaged.

## FIRST CLAIM FOR RELIEF:
### 42 U.S.C. §1983 CLAIMS AGAINST
### LIEUTENANT NAKWAN BRATHWAITE, POLICE OFFICER RUSSELL BAST, POLICE OFFICER YELENA AST, POLICE OFFICER BRANDON LAU, POLICE OFFICER RAWDI ALI, and POLICE OFFICER "JOHN DOE"
_____

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

77.     As alleged above, the defendant officers, acting under the color of law, violated Plaintiff's clearly established constitutional rights in that they (a) detained, arrested, imprisoned, and prosecuted Plaintiff without legal cause or justification; (b) maliciously prosecuted Plaintiff; (c) maliciously abused process against Plaintiff; (c) denied Plaintiff equal protection of the law; (d) abused and misused their authority; (e) conspired with prosecutors to maliciously initiate legal process and prosecute Plaintiff and otherwise violate his civil rights; (f) knowingly arrested, imprisoned, and commenced criminal process against Plaintiff based upon fabricated statements and evidence; (g) knowingly provided false statements and reports against Plaintiff; and (h) denied Plaintiff due process of law and a fair trial.

78.     Further, and as alleged above, the defendant officers, acting under the color of law,

violated Plaintiff's clearly established constitutional rights in that they (a) used excessive force upon Plaintiff; (b) denied Plaintiff access to timely and appropriate medical care; (c) delayed Plaintiff's access to timely and appropriate medical care; (d) retaliated against Plaintiff for exercising his First Amendment right to state that he will be filing a complaint with the Attorney General's Office against defendants Brathwaite, Ast, and Ali; (e) gratuitously and wantonly denied Plaintiff timely medical care in order to cause him further pain and anguish; (f) gratuitously and wantonly delayed Plaintiff's access to timely medical care in order to cause him further pain and anguish; and (g) failed to intervene on Plaintiff's behalf in each of the instances alleged herein despite having time and opportunity to do so.

79.    The defendant officers acted with deliberate indifference to the plaintiff's clearly established rights.

80.    The defendant officers knew they had duties, under the U.S. Constitution as well as the laws and regulations of the City and State of New York, (a) to make truthful statements in their official reports and testimony; (b) to truthfully and fully disclose to prosecutors and the Court the circumstances of their pre-arrest contact with Plaintiff; (c) to truthfully and fully disclose to prosecutors and the Court the circumstances of their arrest of Plaintiff; (d) to not arrest Plaintiff absent probable cause; (e) to disclose information and facts to investigators, supervisors, prosecutors and the Court so that the arrest and prosecution of Plaintiff would not be based upon false, misleading, or incomplete evidence and statement; and (f) to affirmatively act so as not to cause or continue Plaintiff to be unconstitutionally detained, arrested, imprisoned, prosecuted, retaliated against, physically assaulted, denied medical care, and suffer resultant injuries.

81.    Notwithstanding their awareness of these and other duties, the defendant officers, during and following their contact with Plaintiff, intentionally, recklessly and/or with deliberate

indifference to their legal obligations, concealed, lied about, and otherwise failed to disclose that (a) Plaintiff had not committed a crime, (b) use of force was not warranted, and (c) Plaintiff required medical attention.

82.     Notwithstanding their awareness of these and other duties, the defendant officers intentionally, recklessly and/or with deliberate indifference to their legal obligations, created a false narrative and fraudulently claimed that (a) Plaintiff committed crimes, (b) use of force was reasonable and necessary, and (c) Plaintiff did not require immediate medical attention.

83.     As a direct and proximate result of the defendant officers' deliberate indifference, Plaintiff suffered the consequences and damages aforesaid.

84.     As set forth above, the defendant officers made every effort to conceal the truth about the circumstances that lead to Plaintiff's arrest and what actually occurred during the course of the arrest and thereafter, including but not limited to submitting false reports, providing inaccurate, incomplete and/or untruthful written statements, and providing inaccurate, incomplete and/or untruthful testimony in court proceedings.

85.     The aforesaid acts and omissions violated the plaintiff's clearly established rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the damages he suffered.

86.     The actions of the defendant officers were purposeful, malicious, and in bad faith.

87.     As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements pursuant to 42 U.S.C. §1988.

## PENDANT STATE CLAIMS

### Conditions Precedent

88.     A Notice of Claim setting forth the basis of the claim, the time, place and manner in which it arose, and a description of injuries sustained by the plaintiff herein was served upon the City of New York within ninety (90) days of the date of incident alleged herein.

89.     More than thirty (30) days have elapsed since Plaintiff served his Notice of Claim and the City has neglected and refused to make an adjustment thereof.

90.     The City of New York conducted a statutory hearing of Plaintiff pursuant to Section 50-h of the General Municipal Law.

91.     This action is commenced, including all applicable tolls, within the applicable statutes of limitations.

92.     This action falls within one or more of the exceptions set forth in CPLR §1602.

### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: ASSAULT AND BATTERY BY DEFENDANT PLUNKETT AND THE DEFENDANT OFFICERS

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

94.     As set forth above, defendant Plunkett did initiate nonconsensual contact with Plaintiff; did forcibly touch Plaintiff; did intimidate and threaten Plaintiff; and did assault and batter Plaintiff.

95.     Defendant Plunkett made offensive bodily contact with Plaintiff, constituting harmful and offensive contact to Plaintiff's person. Said contact was done intentionally by

defendant Plunkett and without Plaintiff's consent or legal justification.

96.     As alleged herein, defendant Plunkett's acts against Plaintiff created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person. Said acts were done intentionally by defendant Plunkett and without Plaintiff's consent or legal justification.

97.     As alleged herein, the defendant officers' acts against Plaintiff constituted harmful and offensive contact to Plaintiff's person, which were done intentionally by the defendant officers and without Plaintiff's consent or legal justification.

98.     As alleged herein, the defendant officers' acts against Plaintiff created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person. Said acts were done intentionally by the defendant officers and without Plaintiff's consent or legal justification.

99.     As a result of the foregoing, Plaintiff suffered and continues to suffer severe and permanent physical, psychological, and emotional injuries, pain and suffering.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: FALSE ARREST, FALSE IMPRISONMENT, AND MALICIOUS PROSECUTION BY THE DEFENDANT OFFICERS
_____

100.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

101.     At all times alleged herein, the defendant officers were acting within the scope of their employment with the New York City Police Department and with the power and authority bestowed upon them by the City of New York.

102.     As alleged herein, the defendant officers falsely arrested, falsely imprisoned, and maliciously prosecuted Plaintiff.

103.   As alleged herein, through bad faith, fraud and perjury, the defendant officers arrested, imprisoned, and maliciously prosecuted Plaintiff.

104.   The defendant officers' conduct complained of herein was intentional and without privilege.

105.   As a result of the conduct complained of herein, Plaintiff suffered the damages alleged.

106.   As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

**THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:**
**ABUSE OF PROCESS AND MALICIOUS PROSECUTION**
**BY DEFENDANTS APPLE, OIC SECURITY AND PLUNKETT**
_____

107.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

108.   As alleged herein, defendant Plunkett and/or others working at or for the benefit of defendants Apple and/or OIC Security took specific and intentional action to cause Plaintiff to be falsely arrested, falsely imprisoned, and maliciously prosecuted.

109.   As alleged herein, through bad faith, fraud, and perjury, defendant Plunkett and/or others working at or for the benefit of defendants Apple and/or OIC Security did intentionally abuse process and cause Plaintiff to be falsely arrested, falsely imprisoned, and maliciously prosecuted Plaintiff.

110.   As alleged herein, defendant Plunkett and/or others working at or for the benefit of defendants Apple and/or OIC Security did give false and/or misleading statements to the police

with the malicious intent to ensure that Plaintiff was arrested and charged with criminal conduct.

111. Defendant Plunkett and/or others working at or for the benefit of defendants Apple and/or OIC Security did give false and/or misleading statements to the police with the collateral objective of covering up and diverting attention from their own illegal conduct toward Plaintiff.

112. As a result of the conduct complained of herein, Plaintiff suffered the damages alleged.

113. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

**FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
NEGLIGENT SCREENING, HIRING, TRAINING, SUPERVISION AND RETENTION
BY DEFENDANTS CITY OF NEW YORK, APPLE, AND OIC SECURITY**
_____

114. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

115. The offenses alleged herein resulted, in whole or in part, due to the failure of defendant City of New York, Apple, Inc., and OIC Security to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons during their employment, and/or to promulgate appropriate policies and procedures either formally or by custom.

116. Defendants City of New York, Apple, Inc., and OIC Security were each negligent in their hiring, training, retention, supervision, direction, control, appointment and/or promotion of their employees, agents and/or servants, including but not limited to each of the defendants named herein.

117.    Defendant City of New York knew or should have known in the exercise of reasonable care the propensities of the defendant officers to engage in the wrongful conduct heretofore alleged herein.

118.    Defendant Apple, Inc. knew or should have known in the exercise of reasonable care the propensities of defendant Plunkett and the other security guards working at its Apple Store to engage in the wrongful conduct heretofore alleged herein.

119.    Defendant Apple, Inc. knew or should have known in the exercise of reasonable care that defendant Plunkett had an extensive history of CCRB complaints while an NYPD police officer, including but not limited to substantiated charges of discourtesy to the public and abuse of authority.

120.    Defendant Apple, Inc. knew or should have known in the exercise of reasonable care that defendant Plunkett had had a previous acrimonious encounter with Plaintiff, during which Plunkett acted aggressively.

121.    Defendant OIC Security knew or should have known in the exercise of reasonable care the propensities of defendant Plunkett and its other security guards to engage in the wrongful conduct heretofore alleged herein.

122.    Defendant OIC Security knew or should have known in the exercise of reasonable care that defendant Plunkett had an extensive history of CCRB complaints while an NYPD police officer, including but not limited to substantiated charges of discourtesy to the public and abuse of authority.

123.    Defendant OIC Security knew or should have known in the exercise of reasonable care that defendant Plunkett had had a previous acrimonious encounter with Plaintiff, during which Plunkett acted aggressively.

124.    Defendants City of New York, Apple, Inc., and OIC Security were each negligent, careless and reckless in their screening, hiring, training, retention, supervision, direction, control, appointment and promotion of their agents, servants and employees in that said employees lacked the experience and ability to be hired by said defendant(s); in failing to exercise due care and caution in their screening, hiring, appointment and promotion practices, and in particular, hiring individuals who lacked the mental capacity and ability to function on behalf of said defendants; in that these individuals lacked the maturity, sensibility and intelligence to function on behalf of said defendants; in that said defendants knew of the lack of ability, experience and maturity of these individuals when they hired them; knew of the propensities of said individuals to act in the belligerent, aggressive, violent and illegal manner in which they did; in that said defendants, their agents, servants and/or employees, failed to supervise, train, suspend and/or terminate these individuals when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

125.    The failure of the defendants to adequately train their agents, servants and employees in the reasonable exercise of their job duties and the laws of the United States of America, the State of New York, and the rules and regulations of the City of New York, is evidence of the defendants' reckless lack of cautious regard for the rights of the public in general and Plaintiff in particular, and exhibited a lack of that degree of due care which reasonable and prudent individuals would show under the same or similar circumstances.

126.    Said defendants knew or should have known in the exercise of reasonable care, the propensities of their agents, servants and employees to engage in the wrongful conduct heretofore alleged in this Complaint.

127.    Said defendants knew or should have known that their policies, customs and

practices, as well as their negligent hiring, retention, supervision, training, appointment and promotion of their agents, servants and employees, created an atmosphere where the most prominent offenders felt assured that their most brazen acts of abuse, misconduct, and neglect would not be swiftly and effectively investigated nor adverse employment action, or prosecution, taken.

128.    The mistreatment, abuses, and violations of Plaintiff's rights, as set forth above, were the reasonably foreseeable consequence of each defendant's negligent conduct.

129.    The aforesaid acts and omissions of said defendants, their agents, servants and employees, resulted in the plaintiff's rights being violated, his freedom taken from him, and him being injured.

130.    As a result of the conduct complained of herein, Plaintiff suffered the damages alleged.

131.    As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

**FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
NEGLIGENCE**
_____

132.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

133.    Each defendant, inclusive of their agents, servants and employees, owed Plaintiff a duty of care, including the duty to prevent him from being assaulted, battered, falsely arrested, falsely charged and maliciously prosecuted.

134.    Each defendant, inclusive of their agents, servants and employees, negligently breached their duty of care to Plaintiff.

135.    The negligence of each defendant, inclusive of their agents, servants and employees, in the instance was the proximate cause of the injuries and damages suffered by Plaintiff.

136.    Inasmuch as defendant Plunkett and the defendant officers were acting for, upon, and/or in furtherance of the business of their employers and/or within the scope of their employment, defendants City of New York, Apple, Inc., and OIC Security are liable under the doctrine of *respondeat superior* for the tortious actions of same.

137.    As a result of the conduct complained of herein, Plaintiff suffered the damages alleged.

138.    As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

## SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

139.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

140.    As set forth above, the defendants' aforesaid conduct was intentional, malicious and excessive, and served no reasonable or legitimate interest.

141.    As set forth above, the defendants' aforesaid conduct was intentional, reckless and/or grossly negligent, and served no reasonable or legitimate interest.

142.    As set forth above, the defendants' aforesaid acts and omissions were negligent and served no reasonable or legitimate interest.

143.    As set forth above, the defendants' acts and omissions alleged herein were of an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably endangered Plaintiff's psychological and emotional well-being.

144.    As a result of the foregoing, Plaintiff suffered and continues to suffer severe and permanent psychological and emotional injuries, including, but not limited to, fear and apprehension of imminent physical harm, humiliation, embarrassment, shame, bouts of screaming, and prolonged agitation.

145.    As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues in this matter.

## **RELIEF**

Plaintiff requests the following relief, jointly and severally, as against all of the defendants:

1.    An award of compensatory damages against all defendants in an amount to be determined at trial;

2.    An award of punitive damages against all defendants in an amount to be determined at trial;

3.    An award of attorney's fees, expert's fees, costs and disbursements; and

4.    Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
      November 28, 2022

Respectfully submitted,

**HELD & HINES, LLP**
*Attorneys for Plaintiff*
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700
phines@heldhines.com


By: */s/ Philip M. Hines*
    Philip M. Hines, Esq.