

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/10/2023

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

KELLYANNE HOLOHAN
*Assistant Corporation Counsel*
phone: (212) 356-2249
fax: (212) 356-3509
kholohan@law.nyc.gov

MEMO ENDORSED

January 9, 2023

**VIA ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

1/10/2023 I am happy this lawsuit stay for 90 days + no longer. The investigation can be concluded by April 30, 2023.

RE:   Kamal Cheikaoui, et al., v. City of New York, et al., 22 Civ. 8855(CM)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York in the above-referenced matter. Defendant City writes to respectfully request that this matter be stayed pending the resolution of an open investigation by the New York County District Attorney's Office (DANY). Plaintiff's counsel, Phillip Hines, Esq., consents to this request and requests that the City provide status reports to the Court every 30 days.

        By way of brief background, on October 17, 2022, plaintiff initiated the instant action alleging, *inter alia*, that, on October 19, 2021, he was subjected to false arrest and excessive force while at an Apple store at 1981 Broadway New York, New York, and that, thereafter, he was maliciously prosecuted. (See ECF No. 1.) Plaintiff also brings a purported *Monell* claim against the City of New York. Id.

        On or about December 22, 2022, the undersigned was informed that DANY's Police Accountability Unit is currently investigating the underlying incident involving plaintiff. A stay of this action is therefore appropriate for several reasons. First, the investigation may affect the representation of the individually named defendants depending on the investigation's outcome. Before this Office may assume representation of the individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge

of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See id.; see also Mercurio, 758 F.2d at 864-65; see also Muniz v. City of New York, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation).

Because of DANY's open investigation, this Office cannot make a determination at this time as to whether each of the defendant officers was "acting within the scope of his public employment" or whether this Office can represent them in this action. Moreover, best practices would prevent this Office from even communicating with the officers involved in the underlying alleged incident to inquire about the facts of this matter until the resolution of the proceedings. This is because if any of the officers involved are found to have violated NYPD procedures, there would be a conflict of interest between this Office and any individual officer. Indeed, if this Office assumes representation of any involved officer before the investigation is complete, but it later becomes apparent that any were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources and delay.

As such, and with plaintiff's consent, defendant City respectfully requests a stay of this matter until thirty days after the resolution of DANY's investigation into this alleged incident.

Defendant City thanks the Court for its consideration in this regard.

Respectfully submitted,

/s/ KellyAnne Holohan
KellyAnne Holohan
Assistant Corporation Counsel

**By ECF**
*All Counsel of Record*