

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 5/11/2023

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **KELLYANNE HOLOHAN**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2249<br>fax: (212) 356-3509<br>kholohan@law.nyc.gov |

MEMO ENDORSED

May 10, 2023

**VIA ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*[handwritten: OK / Colleen McMahon 5/11/2023]*

RE:   *Kamal Cheikaoui, et al., v. City of New York, et al.*, 22 Civ. 8855(CM)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York in the above-referenced matter. Defendant City writes to respectfully request that this Court grant a *nunc pro tunc* enlargement of time from May 1, 2023 until May 22, 2022, to answer or otherwise respond to the Complaint[1] and further request that this Court *sua sponte* grant a similar extension until May 22, 2023 on behalf of named defendants Lieutenant Nakwan Brathwaite, Police Officer Russell Bast, Police Officer Yelena Ast, Police Officer Brandon Lau, and Police Officer Rawdi Ali. Plaintiff's counsel, Phillip Hines, Esq., consents to this request.

      By way of brief background, on October 17, 2022, plaintiff initiated the instant action alleging, *inter alia*, that, on October 19, 2021, he was subjected to false arrest and excessive force while at an Apple store at 1981 Broadway New York, New York, and that he was maliciously prosecuted thereafter. (*See* Civil Docket Entry No. 1). Plaintiff also brings a purported *Monell* claim against the City of New York. *Id.*

---

[1] Upon information and belief, the City of New York was served with the Amended Complaint when it was filed on November 28, 2022, and defendants Lieutenant Nakwan Brathwaite, Police Officer Russell Bast, Police Officer Yelena Ast, Police Officer Brandon Lau, and Police Officer Rawdi Ali (hereinafter "City Defendants") were all served on November 30, 2022. *See* Civil Docket Entries Nos. 35, 41.

An additional extension of time is now necessary to resolve representation with the individually named police officer defendants so that the undersigned may filed a single, responsive document on behalf of the City and the named police officer defendants. To comply with Your Honor's January 10, 2023 order, the undersigned has already taken significant steps to investigate whether the individual defendants are entitled to representation, despite the fact that, upon information and belief, DANY's Police Accountability Unit is still currently investigating the underlying incident involving plaintiff. Notwithstanding, additional time is needed to resolve representation with the named defendants. With this adjournment, City Defendants will be able to obtain and review outstanding documents regarding the investigation and arrest, and respond to the Complaint, in accordance with Federal Rule of Civil Procedure 11.

As such, and with plaintiff's consent, defendant City respectfully requests that this Court grant a *nunc pro tunc* enlargement of time from May 1, 2023 until May 22, 2022, to answer or otherwise respond to the Complaint and further request that this Court *sua sponte* grant a similar extension until May 22, 2023 on behalf of named defendants Lieutenant Nakwan Brathwaite, Police Officer Russell Bast, Police Officer Yelena Ast, Police Officer Brandon Lau, and Police Officer Rawdi Ali.

Defendant City thanks the Court for its consideration in this regard.

Respectfully submitted,

*/s/ KellyAnne Holohan*
KellyAnne Holohan
Assistant Corporation Counsel

**By ECF**
*All Counsel of Record*